### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK BANKS,                    :        CIVIL ACTION NO. 1:13-CV-3039
                                    :
                        Plaintiff   :        (Chief Judge Conner)
                                    :
            v.                      :
                                    :
FEDERAL BUREAU OF PRISONS,  :
*et al.*,                           :
                                    :
                        Defendants :

### ORDER

AND NOW, this 15th day of January, 2014, upon preliminary consideration of

plaintiff's Bivens[1] complaint[2], in which he alleges that the named defendants have

violated his constitutional rights by subjecting him to a "voice to skull" weapon

---

[1]Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courses to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2]Although styled as a "complaint" and "complaint for a writ of mandamus" it is clear that plaintiff is initiating a civil action. (Doc. 1, at 1.) The Third Circuit Court of Appeals has ruled that mandamus petitions are not "civil actions" or "appeals" subject to the requirements of the Prison Litigation Reform Act ("PLRA"). In re Steele, 251 F. App'x 772 (3d Cir. 2007) (not published) (citing Madden v. Myers, 102 F.3d 74, 77 (3d Cir.1996). However, a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." Madden v. Myers, 102 F.3d at 78. Accordingly, if a prisoner files a "mandamus petition" that actually would initiate an appeal or a civil action, the PLRA applies. In re Steele, 251 F. App'x at 773.

(Doc. 1, at 1) *inter alia*, and it appearing that he seeks to proceed *in forma pauperis*

(Doc. 2), 28 U.S.C. § 1915, and it further appearing that the "three strikes" provision

of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915,

prohibits him from proceeding *in forma pauperis* as he has had three prior actions

or appeals dismissed as frivolous, malicious, or for failing to state a viable claim[3],

---

[3]This court has previously taken judicial notice of the following civil rights actions filed by plaintiff that were dismissed as legally frivolous for failure to state a claim upon which relief may be granted: (1) Banks v. Hayward, et al., Civil No. 2:06-CV-00509 (W.D.Pa. May 30, 2006) (Lancaster, J.); Banks v. Hayward, et al., Civil No. 2:06-CV-01572 (W.D. Pa. Jan. 10, 2007) (Lancaster, J.); Banks v. Dove, et al., Civil No. 1:06-CV-02289 (M.D. Pa. Jan. 16, 2007) (Conner, J.); and, Banks v. Pittsburgh Tribune Review, et al., Civil No. 2:07-CV-00336 (W.D. Pa. May 4, 2007) (Lancaster, J.). Banks v. Crockett, Civil No. 1:07-CV-1019, 2007 WL 1655504, * 2 (M.D. Pa. June 7, 2007) (Conner, J.)

Further, the following comprehensive recitation was set forth in a report and recommendation of United States Magistrate Judge Amy Reynolds Hay, which was adopted by the Honorable Gary L. Lancaster, United States District Court for the Western District of Pennsylvania:

Since February 3, 2005, Plaintiff has filed or participated as a party plaintiff or intervenor in approximately 45 civil actions in the federal District Courts. Since January 20, 2005, Plaintiff has filed or participated in roughly 31 bankruptcy cases. Since March 9, 2005, Plaintiff has filed or participated in approximately sixty cases in the federal Courts of Appeals. As a consequence of his litigation activities, Plaintiff has accumulated many more than three strikes. See, e.g., Banks v. U.S. Marshal, 274 F. App'x. 631 (10th Cir. 2008) (assessing four strikes); Banks v. Vio Software, 275 F. App'x. 800 (10th Cir. 2008)(assessing two strikes) (available on PACER); Banks v. PNC Bank, No. C06-1109JLR, 2007 WL 2363064, at *1 n. 2 (W.D. Wash. Aug.14, 2007) (counting three strikes against Plaintiff based upon two suits filed in the Western District and one suit filed in the Middle District of Pennsylvania); See also Banks v. Williams, No. 5:07-CV-226, 2008 WL 544946, (S.D. Miss. Feb. 21, 2008)(denying Plaintiff IFP status because he has at least three strikes). Given his litigiousness, it is not surprising that Plaintiff sometimes files duplicative or repetitious lawsuits.

and it further appearing that there is no indiction that plaintiff "is under imminent

serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule

which provides that an inmate who has three prior actions or appeals dismissed as

frivolous, malicious, or for failing to state a viable claim may not proceed in forma

pauperis "unless the prisoner is under imminent danger of serious physical

injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en

banc*), it is hereby ORDERED that:

1.      Plaintiff's motion (Doc. 2) to proceed *in forma pauperis* is DENIED.

---

Banks v. County of Allegheny, 568 F. Supp. 2d 579, 586 n.1 (W.D. Pa. 2008).

In October, 2013, in a Report and Recommendation of Chief United States
Magistrate Judge Lisa Pupo Lenihan, which was adopted by United States District
Court Judge Nora Barry Fischer, it was noted that between November, 2004, and
July, 2013, Banks had filed approximately 304 civil actions, 108 of which were filed
in the courts of the Third Circuit.  The 108 cases were broken down as follows:

> Of the 108 cases filed by Banks . . . 62 involved complaints for alleged
> violations of various civil and/or constitutional rights, petitions for writ of
> mandamus, and Qui Tam/False Claims Act claims.  Of these 62 cases,
> more than half were dismissed or closed prior to service of the complaint:
> Fourteen (14) of Plaintiff's complaints were dismissed under 28 U.S.C. §
> 1915(e)(2)(B) as frivolous, malicious, or for failing to state a claim; in
> fifteen (15) cases, Banks' attempts to proceed *in forma pauperis* were
> barred by the "three strike" provision of 28 U.S.C. 1915(g), because Banks
> filed three or more of lawsuits while he was incarcerated which were
> dismissed as frivolous, malicious or for failure to state a claim; five (5)
> cases were administratively closed for failing to file the required IFP
> documents; and two (2) cases were dismissed under 28 U.S.C. §
> 1915A(b)(1).  Another seventeen (17) cases were transferred to other
> district courts outside the Third Circuit.

Banks v. Unknown Named Number of U.S. Postal Inspectors, *et al.*, No. 2:13-cv-1198,
2013 WL 5945786, at *4 (W.D. Pa. Nov. 6, 2013).

2.	Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

3.	The Clerk of Court is directed to CLOSE this case.

4.	 Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).


 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania